IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERDIGITAL COMMUNICATIONS LLC and INTERDIGITAL TECHNOLOGY CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>NOKIA CORPORATION and NOKIA INC.,<br><br>Defendants. | C.A. No. 07-489 (SLR) |

## **DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS**

Pursuant to 28 U.S.C. § 1659(a) and this Court's discretionary power, defendants Nokia Corporation and Nokia Inc. (collectively "Defendants" or "Nokia") hereby move for an order staying this case, on the basis that both Defendants have been accused of infringing the same three patents at issue here in an action brought under 19 U.S.C. § 1337 in the United State International Trade Commission ("ITC") titled *In the Matter of Certain 3G Mobile Handsets and Components Thereof*, Investigation No. 337-TA-613.

## **FACTUAL BACKGROUND**

On August 7, 2007, InterDigital Communications, LLC and InterDigital Technology Corp. (collectively "Plaintiffs" or "InterDigital") filed the complaint in this action, accusing Nokia of infringing U.S. Patent Nos. 7,117,004 and 7,190,966 ("the '004 patent" and "the '966 patent," respectively), based on Nokia's "manufacture, use, import[ation], offer for sale, and/or s[ale of] products in the United States that [allegedly] infringe" the patents (D.I. 1 at ¶¶ 10, 15). On September 28, 2007, InterDigital Amended its Complaint to include U.S. Patent

No. 6,973,579 ("the '579 patent") (D.I. 10 at ¶ 9).  InterDigital requests, *inter alia*, that the Court permanently enjoin Nokia from infringing the '004, '966 and '579 patents (*id.* ¶ 25(c)).

Also on August 7, 2007, InterDigital filed a parallel complaint in the ITC accusing Nokia of infringing the '004 and '966 patents.  A copy of the Verified Complaint filed with the ITC is attached hereto as Exhibit A.  In its ITC Complaint, InterDigital alleges infringement of the '004 and the '966 patents based on the alleged "unlawful importation into the United States, the sale for importation, and the sale within the United States after importation by owners, importers, or consignees of certain 3G mobile handsets and components thereof that infringe" the patents (Exhibit A ¶ 1).  On September 28, 2007, InterDigital moved for leave to amend its ITC Complaint to include the '579 patent (*see* Complainants' Motion to Amend and Proposed Amended Complaint, attached hereto as Exhibit B).  InterDigital seeks from the ITC "a permanent exclusion order pursuant to 19 U.S.C. § 1337(d)(1) barring from entry into the United States all [Nokia's] infringing 3G mobile handsets and components thereof imported by or on behalf of [Nokia]" (Exhibit A, ¶ 65(c)).  InterDigital also has requested a cease and desist order pursuant to 19 U.S.C. § 1337(f) prohibiting Nokia from "importing, marketing, advertising, demonstrating, warehousing inventory for distribution, offering for sale, selling, distributing, licensing, or using" 3G mobile handsets that practice the technologies claimed in the asserted patents (*id.* ¶ 65(d)).

The ITC instituted Investigation No. 337 – TA – 617 on September 5, 2007, and published notice of the investigation in the Federal Register on September 11, 2007 (*see* Notice of Investigation, attached hereto as Exhibit C).  Its decision on InterDigital's Motion to Amend Complaint and Notice of Investigation ("Motion to Amend", attached at Exhibit B) is pending.  Accordingly, Nokia seeks a mandatory stay of the instant proceedings with respect to the '004

and '966 patents, and further moves the Court to exercise its discretion to stay this case with respect to the '579 patent as well.

## ARGUMENT

### I. A Stay with Respect to the '004 and '966 Patents Is Mandatory.

28 U.S.C. § 1659 provides in relevant part:

(a) Stay. In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within -

(1) 30 days after the party is named as a respondent in the proceeding before the Commission, or

(2) 30 days after the district court action is filed, whichever is later.

InterDigital seeks relief in the ITC and in this action with respect to both Nokia Corporation and Nokia Inc. (*see* Exhibit A ¶¶ 10-11). Moreover, both this case and the ITC proceeding involve the same infringement-related issues with respect to the '004 and '966 patents. Defendants make this request in a timely manner in that thirty days have not elapsed since the initiation of the related proceeding before the ITC in which Defendants were named as respondents. Accordingly, a stay of this case with respect to the '004 and '966 patents pending final disposition of the proceedings before the ITC is mandatory.

### II. The Court Should Also Stay This Case With Respect to the '579 Patent

The Court should also exercise its discretionary power to stay this case with respect to the '579 patent. As part of the ability to control its docket, district courts have the

3

inherent power to stay a case pending the conclusion of some other event. The Supreme Court has explained that:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (internal citations omitted.)

Similarly, the Third Circuit has held that a court has the "inherent power to conserve judicial resources by controlling its own docket." *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). Moreover, the decision to stay a case is firmly within the discretion of the Court. *See Pegasus Development Corp. v. DirecTV, Inc.*, No. CIV.A. 00-1020-GMS, 2003 WL 21105073, *1 (D. Del. May 14, 2003). In ruling on a motion to stay, courts are guided by three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Id*. at *3-4 (quoting *Xerox Corp. v. 3Comm Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999)).

Here, a discretionary stay with respect to the '579 patent would not work prejudice to InterDigital. Indeed, a stay with respect to the '579 is an almost certain consequence of the ruling InterDigital seeks from the ITC on its Motion to Amend. Because the addition of the '579 patent to the ITC investigation would afford Nokia the protection of the mandatory stay provisions of 28 U.S.C. § 1659, InterDigital must have contemplated a stay in this Court with respect to the '579 patent and deemed it to be of little concern. The prejudice to Nokia, in contrast, would be severe, as would the waste of the time and resources of this Court.

Although Nokia intends to respond appropriately to InterDigital's Motion to Amend, the ITC Investigation may soon include the '579 patent. It makes little sense for InterDigital's claims to proceed, consuming time and money each day, only for Nokia to be back before this Court in a month or two seeking a mandatory stay under 28 U.S.C. § 1659 for the '579 patent. In any event, the overlap in evidence for the three patents, including the similarity of technical witnesses who will testify regarding the '004, the '966 and the '579, and the fact that InterDigital has accused the same products (Nokia's UMTS handsets) of infringing all three patents, justifies a stay of this entire proceeding regardless of the outcome of InterDigital's motion. Indeed, at least two courts have found it appropriate to stay other pending claims where only certain of the claims were subject to the mandatory provisions of 28 U.S.C. § 1659. *See Flexsys Americas, LP v. Kumho Tire, U.S.A., Inc.*, No. 5:05CV156, 2005 WL 1126750, *4 (N.D. Ohio Apr. 29, 2005) (staying claims on patents that were not before the ITC given the court had already stayed other claims pursuant to § 1659(a)); *Verve, LLC v. Verifone, Inc.*, No. C04-03659JF, 2004 WL 2600452, *1 (N.D. Cal. Nov. 15, 2004) (staying claims involving non-moving defendants who were not parties to the related ITC action given the same claims against moving defendants, who were parties to the ITC, had been stayed pursuant to § 1659(a)).

The other two prongs cited above (whether a stay will simplify the issues in question and trial of the case and whether discovery is complete and whether a trial date has been set) also weigh in favor of staying any claims remaining after application of the mandatory stay. The benefit of the ITC's resolution of issues such as the technical capabilities and functionalities of the accused N95 phone will streamline the issues in this case. As for the final prong, this case is in its very preliminary stages. No discovery has been served, and no trial date has been set. In fact, Nokia has not even answered InterDigital's Complaint or Amended Complaint, and

pursuant to a stipulation between the parties and ordered by the Court (D.I. 9 and 10, respectively), an answer is not due until November 5, 2007.  Accordingly, the Court should exercise its discretion to stay this action in its entirety pending resolution of InterDigital's ITC action.

## CONCLUSION

For the foregoing reasons, Defendants' motion for a stay of this case should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld (#1014)*
Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
1201 N. Market Street
Wilmington, DE  19801
jblumenfeld@mnat.com
jheaney@mnat.com
(302) 658-9200

*Attorneys for Nokia Corporation
and Nokia Iinc.*

*Of Counsel*:

Patrick Flinn
Randall Allen
Lance Lawson
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309
(404) 881-7000

October 5, 2007

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the plaintiffs, and that no agreement was reached.

>                                        */s/ Jack B. Blumenfeld (#1014)*
>                                        Jack B. Blumenfeld (#1014)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 5, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Richard K. Herrmann
>Mary Matterer
>MORRIS JAMES LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on October 5, 2007 upon the following individuals in the manner indicated:

>**BY ELECTRONIC MAIL**
>**and HAND DELIVERY**
>
>Richard K. Herrmann
>Mary Matterer
>MORRIS JAMES LLP
>500 Delaware Avenue
>Suite 1500
>Wilmington, DE  19801
>
>**BY ELECTRONIC MAIL**
>
>Patrick J. Coyne
>Christopher P. Isaac
>Lionel M. Lavenue
>Houtan K. Esfahani
>Rajeev Gupta
>Qingyu Yin
>FINNEGAN, HENERDSON, FARABOW,
>  GARRETT & DUNNER, LLP
>901 New York Avenue, NW
>Washington, DC  10001-4413

>*/s/ Jack B. Blumenfeld (#1014)*
>Jack B. Blumenfeld (#1014)